This is a suit in which plaintiff seeks to recover the sum of $777.92 allegedly representing the value of one Lufkin van body or trailer owned by plaintiff and alleged to have been illegally taken possession of by defendant and converted to its own use.
The significant facts appear to be very simple. On or about January 31, 1947, plaintiff purchased from the Trailer Distributors, Inc. a Lufkin van body particularly described in an invoice dated January 31, 1947, which description contained the designation of the serial number of the body as being 5235. According to the testimony of the plaintiff the body was delivered some day or so following the date of the invoice. Payment was made for the van body, together with other items of vehicular equipment, by a draft dated February 3, 1947, drawn by Trailer Distributors, Inc., on plaintiff, which was duly paid February 19, 1947. A notation on the draft bears four serial numbers, among which is the number 5235.
According to the testimony on behalf of plaintiff, delivery of the van body was made by placing same on a vacant corner lot at Bolton and Monroe Streets in the City of Alexandria, which lot was owned by plaintiff, and was located directly across the street from another corner lot on which plaintiff operated a filling station. It is shown that plaintiff was engaged, among other pursuits, in the purchase and resale of trailers and van bodies, and that he had purchased the body, which is particularly concerned in this suit, for the purpose of resale.
At some time about the middle of March, 1947, the defendant, Louisiana, Arkansas Texas Transportation Company is shown to have ordered two van bodies from the Trailer Distributors, Inc., which bodies were invoiced to the defendant under date of March 17, 1947. The invoice did not particularly describe the bodies sold, designating them simply as two twelve-foot van bodies. The only specifications appear to have been with reference to color and it is shown that defendant purchased one green and one red body, but there is no showing that any serial numbers were designated in the negotiations.
On the afternoon of Saturday, March 15th, two van bodies were transported to the shop of defendant company, located in Alexandria, but acceptance of the tendered delivery was refused by the shop foreman. Subsequently, representatives and employees of the defendant company were advised to pick up the bodies from the lot on the Trailer Distributors, Inc., in Alexandria, and on Sunday, March 16th, these representatives and employees went to the lot at Bolton and Monroe Streets, owned by plaintiff, and there took possession of and *Page 605 
removed two van bodies which were found thereon.
Another fact which perhaps has some bearing upon the case at hand is that the Trailer Distributors, Inc. operated a car lot on Bolton Avenue at a point several blocks removed from the corner of Bolton and Monroe Streets.
Briefly summarized, the defense to plaintiff's action is based upon the proposition that the defendant was a purchaser in good faith; that it took possession of the vehicle in question without knowledge of any prior purchase, and that under the provisions of Article 1922 of the Civil Code it is entitled to be considered the owner.
After trial there was judgment in favor of plaintiff in the sum of $628.32, representing the amount of the actual purchase price, and, defendant having called the Trailer Distributors, Inc. in warranty, further judgment against said company in favor of defendant. From this judgment defendant appeals, and plaintiff has answered the appeal by praying for an increase in the amount of the judgment to the sum of $777.92 on the ground that the actual value and not the purchase price is the measure of recovery. In our statement of facts as above recapitulated, we have eliminated from consideration a number of matters which we regard as immaterial.
The attempt was made on the part of defendant to establish the fact that Trailer Distributors, Inc. was a lessee of the vacant lot at Bolton and Monroe Streets at the time the incidents narrated took place, but in this attempt defendant utterly failed. The great preponderance of the testimony establishes the fact that the use of the lot in question by Trailer Distributors, Inc. terminated on January 31, 1947, and never at any time since then, so far as the record discloses, had the lot been used by Trailer Distributors, Inc., nor was there any external sign of its use thereof which might have served to lead an innocent party to such a belief.
We are quite in accord with the conclusion of the District Judge to the effect that the difficulty resulted from an honest mistake which our learned brother made no attempt to explain, nor do we.
In our opinion the facts admit of no question as to the correctness of the conclusion that plaintiff purchased, paid for and was seized with possession of the van body, which is the subject matter of this litigation, some six weeks before defendant ever entered into negotiations for the purchase of similar bodies from the Trailer Distributors, Inc.
[1] If the facts in this case justified a holding that Trailer Distributors, Inc. was in possession of the van body at the time it was taken over by defendant, then it would indeed follow that the provisions of Article 1922 of the Civil Code and the authorities cited thereunder would be applicable. But the facts adduced clearly substantiate the truth of plaintiff's contention that the body had been delivered into his possession and was actually in his possession, on his property, at the time it was mistakenly removed by defendant.
[2] With respect to plaintiff's claim as to the amount of the recovery, we conclude that the judgment rendered is correct. The only acceptable evidence of value, as comprehended in the record before us, is made up on the basis of the actual purchase price which was shown to have been the sum of $628.32. It is true that plaintiff testified that the list price of the body was $748.00, which fact is attested by the figures set forth on his invoice, before the allowance of discount. It is further true that plaintiff testified he would have sold the body for the list price plus federal tax. Nevertheless, in the absence of any showing that plaintiff could have sold the body for the alleged price, this effort to fix value must be regarded as purely speculative.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 606